IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 11-10014-04-JTM

SOBHI O. DANA,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on defendant Sobhi O. Dana's Motion to Sever (Dkt. No. 84) and Motion to Dismiss (Dkt. No. 85). For the following reasons, the court grants the Motion to Sever but denies the Motion to Dismiss.

**I. Background**

This is a criminal action in which defendant and others are charged with conspiracy to defraud the federal government beginning in February 2010, and continuing through February 2011. Specifically, the Indictment alleges the object of the conspiracy was to get money and funds through the unlawful use of Supplemental Nutrition Assistance Program (SNAP), better known as "food stamps." According to the government, defendants used Alnoor Groceries and Biryani House (Alnoor) as the "point of sale" (POS) terminal for the conspiracy. The co-conspirator recipients received money by providing their Kansas Vision EBT cards (electronic version of food stamps) and

their PIN to the owners of Alnoor, also defendants in this action. These owners would then use the POS terminal to complete a fraudulent transaction making it appear as though food items were sold when in reality most of the money was kept by the store and given to the co-conspirators. The government alleges that the conspiracy netted approximately $450,000 in fraudulent transactions involving about 1,900 separate transactions and at least 125 people.

In Count I, the conspiracy count, the government alleges defendant Dana committed the following acts:

> 11. On or about September 3, 2010, Sobhi O. Dana entered Alnoor, at which time an EFT SNAP transaction in the amount of $404.50 was run on Alnoor's POS terminal using Dana's Kansas Vision card. Less than four minutes later, Dana left Alnoor with no grocery bags in his hands.
>
> 12. On or about October 3, 2010, Sobhi O. Dana entered Alnoor, at which time an EFT SNAP transaction in the amount of $426.99 was run on Alnoor's POS terminal using Dana's Kansas Vision card. About six minutes later, Dana left Alnoor with no grocery bags in his hands.

Dkt. No. 1, paras. 11-12. Defendant is also charged in Counts II and III with food stamp fraud in violation of 7 U.S.C. § 2024(b) and in Counts XI and XII of wire fraud in violation of 18 U.S.C. § 1343 based upon the above transactions.

**II. Motion to Sever**

Pursuant to Fed. R. Crim. P. 14 defendant moves to sever. Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). Defendant moves to sever because he is charged with making two

transactions on two different days, and there are no other allegations that he was involved in any of the other 1,900 transactions or that he was involved with the other co-conspirator recipients, other than the store owner defendants. This court agrees with defendant and finds a high likelihood of prejudice to him if he were required to go to trial with the other named defendants. Severance is warranted in light of the two distinct transactions in which defendant is alleged to have participated compared to the numerous other transactions not involving defendant. *See U.S. v. Donaway*, 447 F.2d 940, 943 (9th Cir. 1971) (holding district court abused its discretion by failing to sever defendants trial when most of government's case-in-chief involved other defendants). The government does not oppose the motion. Therefore, defendant's Motion to Sever (Dkt. No. 84) is granted.

Defendant also requests, under Fed. R. Crim. P. 14(b), an *in camera* inspection of any defendants' statements that the government intends to use as evidence. Because the court has granted the motion to sever, this request is moot.

**III. Motion to Dismiss**

In this motion, defendant seeks dismissal of Counts XI and XII, charging wire fraud, by arguing the food stamp fraud counts and the wire fraud counts are multiplicitous. Specifically, defendant "asks the court to dismiss the wire fraud count or require the government to elect between the two counts pretrial (a) to prevent any allegation of waiver on his behalf, (b) to avoid prejudice to Mr. Dana in defending against two offenses that may suggest to the jury that Mr. Dana committed two crimes and (c) to save time and resources." Dkt. No. 85, para. 5.

"Multiplicity refers to multiple counts of an indictment which cover the same criminal

behavior. Although multiplicity is not fatal to an indictment, multiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple punishments for a single criminal offense. *United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) (internal citations omitted). The controlling test for multiplicity was outlined by the United States Supreme Court in *Blockburger v. United States*:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. 299, 304 (1932). "In other words, 'if each offense for which the defendant is tried or punished contains a separate element not present in the other, double jeopardy does not bar the . . . prosecution' of both offenses." *United States v. Boyd*, 378 Fed. App'x 841, 845 (10th Cir. 2010) (quoting *United States v. Farr*, 591 F.3d 1322, 1324 (10th Cir. 2010)).

Here, defendant is charged in separate counts with violating 7 U.S.C. § 2024(b) for food stamp fraud and 18 U.S.C. § 1343 for wire fraud. Section 2024(b) makes it a crime to "knowingly use[], transfer[], acquire[], alter[], or possess[] benefits in any manner contrary to this chapter or the regulations issued pursuant to this chapter." *Id.* § 2024(b) (2006) (alterations added); *see also United States v. O'Brien*, 686 F.2d 850, 851-52 (10th Cir. 1982). The elements of wire fraud, in violation of 18 U.S.C. § 1343[1] are:

---

[1]Section 1343 provides in its entirety:
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

> *First*: the defendant devised or intended to devise a scheme to defraud;
> *Second*: the defendant acted with specific intent to defraud;
> *Third*: the defendant caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme;
> *Fourth*: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

TENTH CIRCUIT PATTERN JURY INSTRUCTIONS, CRIMINAL § 2.57 (2011); *see also United States v. Smith*, 133 F.3d 737, 742 (10th Cir. 1997) ("The essential elements of wire fraud are a scheme to defraud and use of interstate wire or radio communications to facilitate the scheme.").

Applying the *Blockburger* test to these elements, it is clear that the two statutory provisions give rise to two distinct offenses, even though the offenses arise out of the same transactions. More specifically, § 2024(b) requires proof that defendant knowingly acquired SNAP benefits in a manner not authorized by statute or regulation. On the other hand, § 1343 requires proof that the defendant devised a scheme to defraud, that he acted with specific intent to obtain money by false pretenses, that he caused another to use interstate wire communications facilities, and that the scheme employed false pretenses that were material. Stated simply, the statutes require proof of different elements. Thus, the crimes charged, though arising out of the same facts, are separate and not multiplicitous. Defendants Motion to Dismiss (Dkt. No. 85) is hereby denied.

IT IS ACCORDINGLY ORDERED this 15th day of August 2011, that defendant's Motion to Sever (Dkt. No. 84) is granted.

IT IS FURTHER ORDERED that defendant's Motion to Dismiss (Dkt. No. 85) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

18 U.S.C. § 1343 (2000 & Supp. 2011).